IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2004 DEC 17  PM 3: 49

TX EASTERN-BEAUMONT

BY _____

| | |
|---|---|
| DANNY CUNNINGHAM, Individually, and on behalf of those similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 5:04cv282 |
| V. | JURY |
| Offshore Specialty Fabricators, Inc., Delta Towing, LLC,  Horizon Offshore, Inc., Horizon Offshore Contractors, Inc.,  Seacor Holdings Inc., Seacor Marine LLC, Tidewater Inc., Tidewater Marine, L.L.C., J. Ray McDermott, Inc., Stolt Offshore Inc., ChevronTexaco Corporation, Exxon Mobil Corporation, O.W.I. Limited (Oceanwide International), Oceanwide Houston, Inc., and Sea Mar Management LLC, | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Danny Cunningham, Individually, and on behalf of those similarly situated, and files this Original Complaint and Request for Preliminary and Permanent Injunctions against Offshore Specialty Fabricators, Inc., Delta Towing, LLC, Horizon Offshore, Inc., Horizon Offshore Contractors, Inc., Seacor Holdings Inc., Seacor Marine LLC, Tidewater Inc., Tidewater Marine, L.L.C., J. Ray McDermott, Inc., Stolt Offshore  Inc.,  ChevronTexaco Corporation, Exxon Mobil Corporation, O.W.I. Limited (Oceanwide International), Oceanwide Houston, Inc., and Sea Mar Management LLC, (collectively "Defendants"), and for causes of action would show as follows:

I.

NATURE OF THE CASE

1.1     This is an action for damages caused by the loss of American jobs, the depression of wages, and the loss of benefits to American citizens and aliens lawfully admitted to the United States for permanent residence ("resident aliens").

1.2     Defendants, some of the largest American companies, have taken "outsourcing" one step further.  Instead of taking jobs out of America and away from American shores and those who want jobs,   Defendants, and each of them, are bringing unauthorized workers to America to take away jobs in America by an unauthorized and illegal invasion of foreign labor on the very shores of the United States.

1.3     Defendants, and each of them, bring  these unauthorized workers to America, or use their labor, by omission or commission, so that Defendants, and each of them, may enjoy increased profit.

1.4     Plaintiff is a former employee of Offshore Specialty Fabricators, Inc., and representative of a class of workers hired by Defendants.

1.5     Plaintiff class is comprised of past and present offshore and other workers who are citizens of the United States or resident aliens authorized to work in the United States, and who provide offshore and other labor to the maritime and oil and gas industries, including Defendants, to allow the exploration, exploitation, development and production of oil and gas minerals located on the Outer Continental Shelf of the United States ("OCS"), and engaged in transporting merchandise in the coastwise trade between points in the United States.

1.6     Defendants are some of the largest oil and gas prospectors, developers, refiners, and service

providers operating on the OCS, and are engaged in transporting merchandise in the coastwise trade between points in the United States.

1.7     Defendants are in the market for individuals willing and able to provide offshore and other labor for Defendants, which labor allows certain Defendants to locate, develop, extract, and sell for a profit oil and gas minerals, and which labor further allows certain other Defendants to provide services for a profit to other Defendants, and which labor also allows certain other Defendants to transport merchandise in the coastwise trade between points in the United States.

1.8     Defendants, and each of them, satisfy their labor needs with an insidious twist on outsourcing.  Rather than taking jobs from Americans by relocating  jobs outside of the United States, Defendants, and each of them, have conspired among themselves to bring illegal, undocumented or unauthorized workers to America to work for Defendants on and off America's shores, specifically facilitating an unauthorized and illegal invasion of foreign labor onto the OCS, in direct violation of specific laws and regulations enacted and implemented to strengthen the American economy and protect the jobs of American workers and aliens lawfully admitted to the United States for permanent residence.

1.9     Defendants pay these illegal, undocumented, or unauthorized workers less than Defendants pay or would be required by market force to pay United States citizens or resident aliens.

1.10    Defendants provide these illegal, undocumented, or unauthorized workers with no benefits, or with less benefits, than Defendants would provide to United States citizens or resident aliens.

1.11    Defendants' conduct in conspiring to, knowingly or actually meeting its labor needs through

a pattern and practice of hiring illegal, undocumented or unauthorized workers violates various provisions of federal law.

1.12    Defendants' conduct subjects each Defendant to liability, and Plaintiff (and those similarly situated) are entitled to damages under one or more of the following:

    1.12.1        The Organized Crime Control Act of 1970, (Racketeer Influenced and Corrupt Organizations ("RICO")), United States Code Title 18, Chapter 96, Section 1961, et seq.;

    1.12.2        The Sherman Anti-Trust Act ("Sherman Act"), United States Code Title 15, Chapter 1, Section 1, et seq.;

    1.12.3        The Clayton Act, United States Code Title 15, Chapter 1, Section 12, et seq.;

    1.12.4        The Outer Continental Shelf Lands Act ("OCSLA"), United States Code Title 43, Chapter 29, Subchapter III, Section 1331, et seq.

1.13    Plaintiff seeks a remedy for himself (and others similarly situated) for Defendants' wrongful conduct, which depresses wages and reduces benefits paid or provided by Defendants to United States citizens or resident aliens, constitutes an unlawful restraint of trade, and violates the manning requirements of the OCSLA.

II.
JURISDICTION AND VENUE

2.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

2.2    This Court has subject matter jurisdiction over Plaintiff's claims under:

    a.        18 U.S.C. § 1961, et seq., pursuant to 18 U.S.C. §§ 1964(a) and 2976(c) (statutory jurisdiction under RICO);

    b.        43 U.S.C. § 1349(b)(1)(A) (statutory jurisdiction under OCSLA for cases and

controversies arising out of or in connection with any operation conducted on the OCS which involves exploration, development, or production of the minerals of the subsoil and seabed of the OCS);

c.   28 U.S.C. § 1331 (jurisdiction for matters arising under 18 U.S.C. §§ 1962, et seq., 15 U.S.C. § 1, et seq. and § 12, et seq., and 43 U.S.C. § 1331, et seq.);

d.   28 U.S.C. § 1337 (original jurisdiction for Acts of Congress regulating commerce).

2.3   This Court has personal jurisdiction over each of the Defendants, which, at all relevant times, either resided, were found, had an agent, or transacted substantial business in the state of Texas, including the Eastern District of Texas, and the District would have *in personam* jurisdiction over these Defendants.

2.4   At all relevant times, the Defendants resided, were found, had an agent, or transacted their affairs in the state of Texas, including the Eastern District of Texas. A substantial part of Defendants' wrongful acts and omissions occurred in the Eastern District of Texas. Accordingly, venue is proper in the Eastern District of Texas pursuant to:

a.   18 U.S.C. §§ 1965(a) and 1965(b) (RICO venue provisions);

b.   15 U.S.C. § 15(a) (Clayton Act venue provisions);

c.   43 U.S.C. § 1349(b)(2) (OCSLA citizen suit venue provision);

c.   28 U.S.C. § 1391(b)(2) (venue in actions not founded on diversity).

III.
PARTIES

3.1     Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

3.2     Plaintiff is (and those similarly situated are), authorized to work in the United States, and

        qualified to provide offshore and other labor related to the exploration for and exploitation,

        development and production of oil and gas mineral deposits located on the Outer Continental

        Shelf of the United States, as well as the transportation of merchandise in the coastwise trade

        between points in the United States.

3.3     Plaintiff resides in the Eastern District, state of Texas, and is a "person" within the meaning

        of 18 U.S.C. §§ 1961(3) and 1964(c).

3.4     Plaintiff seeks to represent a class of plaintiffs similarly situated who are authorized to work

        in the United States and qualified to provide offshore and other labor related to the

        exploration for and exploitation, development and production of oil and gas mineral deposits

        located on the Outer Continental Shelf of the United States, and further related to the

        movement of merchandise in the coastwise trade between points in the United States, and

        who are, have been, or could have been employed by Defendants.

3.5     Defendant Offshore Specialty Fabricators, Inc. ("Offshore Specialty"), is a Louisiana

        corporation doing business in this District and in the state of Texas for the purpose of

        accumulating monetary profit, and may be served with process through its registered agent:

        Dan Black, 802 Sunray Road, Ingleside, Texas 78362.

3.6     Defendant Delta Towing, LLC ("Delta Towing"), is a foreign limited liability company doing

        business in this District and in the state of Texas for the purpose of accumulating monetary

        profit, and may be served with process through its registered agent: CT Corporation System,

1021 Main Street, Suite 1150, Houston, Texas 77002.

3.7     Defendant Horizon Offshore, Inc. ("Horizon Offshore"), is a Delaware corporation doing

business in this District and in the state of Texas for the purpose of accumulating monetary

profit, and may be served with process through its registered agent: William B. Gibbens, III,

2500 City West Boulevard, Suite 2200, Houston, Texas 77042.

3.8     Defendant Horizon Offshore Contractors, Inc. ("Horizon Offshore Contractors"), is a

Delaware corporation doing business in this District and in the state of Texas for the purpose

of accumulating monetary profit, and may be served with process through its registered

agent: William B. Givvens, III, 2500 City West Boulevard, Suite 2200, Houston, Texas

77042.

3.9     Defendant Seacor Holdings Inc. ("Seacor"), is a foreign corporation doing business in this

District and in the state of Texas for the purpose of accumulating monetary profit, but does

not maintain a regular place of business or a designated agent upon whom service of process

may be had for causes of action arising out of such business done in the State of Texas. For

these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code §

17.044, by serving the Secretary of State of Texas as agent for Seacor Holdings Inc. This suit

arises out of business contacts in this State and, under the circumstances, Seacor Holdings

Inc., has appointed the Secretary of State of Texas as its agent upon whom service of process

may be had in this action. The Secretary of State is requested to forward a copy of this

Complaint, along with Summons, to this Defendant by forwarding same by certified mail,

return receipt requested, to Defendant, Seacor Holdings Inc., in care of its officer and/or

director Blank Randall, 460 Park Avenue, 12th Floor, New York, New York 10022. Service

may also be had by mailing same to said Defendant at its home address, 460 Park Avenue, 12th Floor, New York, New York 10022.

3.10    Defendant Seacor Marine LLC ("Seacor Marine"), is a foreign corporation doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its agent: Milton Rose, 11200 Richmond Avenue, Suite 400, Houston, Texas 77082.

3.11    Defendant Tidewater Inc. ("Tidewater"), is a foreign corporation doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas.  For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code § 17.044, by serving the Secretary of State of Texas as agent for Tidewater Inc.  This suit arises out of business contacts in this State and, under the circumstances, Tidewater Inc., has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action.  The Secretary of State is requested to forward a copy of this Complaint, along with Summons, to this Defendant by forwarding same by certified mail, return receipt requested, to Defendant, Tidewater Inc., in care of its officer and/or director Cliff Laborde, 601 Poydras Street, Suite 1900, New Orleans, Louisiana 70130.  Service may also be had by mailing same to said Defendant at its home address, 601 Poydras Street, Suite 1900, New Orleans, Louisiana 70130.

3.12    Defendant Tidewater Marine, L.L.C. ("Tidewater Marine"), is a foreign corporation doing business in this District and in the state of Texas for the purpose of accumulating monetary

profit, and may be served with process at its office:   2500 Wilcrest Drive, Suite 300, Houston, Texas 77042.

3.13    Defendant J. Ray McDermott, Inc. ("McDermott"), is a Delaware corporation doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

3.14    Defendant Stolt Offshore Inc. ("Stolt Offshore), is a Louisiana corporation with its principal place of business in this District, doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: Linda Thomas, 10787 Clay Road, Houston, Texas 77041.

3.15    Defendant ChevronTexaco Corporation ("ChevronTexaco") is a foreign corporation doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas.  For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code § 17.044, by serving the Secretary of State of Texas as agent for ChevronTexaco Corporation.  This suit arises out of business contacts in this State and, under the circumstances, ChevronTexaco Corporation has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, to this Defendant by forwarding same by certified mail, return receipt requested, to Defendant, ChevronTexaco Corporation in care of its officer and/or director Ray Wilcox, 6001 Bollinger

Canyon Road, San Ramon, CA 94583. Service may also be had by mailing same to said

Defendant at its home address, 6001 Bollinger Canyon Road, San Ramon, CA 94583.

3.16    Defendant Exxon Mobil Corporation ("ExxonMobil") is a New Jersey corporation doing

business in this District and in the state of Texas for the purpose of accumulating monetary

profit, and may be served with process through its registered agent: John F. Tully, 800 Bell

Street, Houston, Texas 77002.

3.17    Defendant O.W.I. Limited (Oceanwide International) ("O.W.I. Limited") is a foreign

corporation doing business in the state of Texas for the purpose of accumulating monetary

profit, but does not maintain a regular place of business or a designated agent upon whom

service of process may be had for causes of action arising out of such business done in the

State of Texas. For these reasons, service of process is to be made pursuant to Tex.Civ.Prac.

& Rem Code § 17.044, by serving the Secretary of State of Texas as agent for O.W.I.

Limited. This suit arises out of business contacts in this State and, under the circumstances,

O.W.I. Limited has appointed the Secretary of State of Texas as its agent upon whom service

of process may be had in this action. The Secretary of State is requested to forward a copy

of this Complaint, along with Summons, to this Defendant by forwarding same, by certified

mail, return receipt requested, to Defendant O.W.I. Limited (Oceanwide International), P.O.

Box 59607, 4011 Limassol, Cyprus.

Further, in accordance with the Hague Convention on the Service Abroad of Judicial and

Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"),

Plaintiff hereby forwards an original of process with this Complain to O.W.I. Limited

(Oceanwide International), at the address stated above, by registered international mail.

3.18    Defendant Oceanwide Houston, Inc. ("Oceanwide Houston"), as agent in the United States

for its principal O.W.I. Limited, is a domestic corporation doing business in this district and

in the state of Texas for the purpose of accumulating monetary profit, and may be served

with process through its registered agent: Jeff C. Dodd, 700 Louisiana Street, 3600 NCNB

Center, Houston, Texas 77002.

3.19    Defendant Sea Mar Management LLC ("Sea Mar") is a foreign limited liability company

doing business in the State of Texas for the purpose of accumulating monetary profit, but

does not maintain a regular place of business or a designated agent upon whom service of

process may be had for causes of action arising out of such business done in the State of

Texas. For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem

Code § 17.044, by serving the Secretary of State of Texas as agent for Sea Mar. This suit

arises out of business contacts in this State and, under the circumstances, Sea Mar has

appointed the Secretary of State of Texas as its agent upon whom service of process may be

had in this action. The Secretary of State is requested to forward a copy of this Complaint,

along with Summons, to this Defendant by forwarding same by certified mail, return receipt

requested, to Defendant, Sea Mar Management LLC, at its home address, 3417 West

Admiral Doyle, New Iberia, Louisiana, 70560.

IV.
THE OFFSHORE OIL AND GAS INDUSTRY ENTERPRISE

4.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

4.2    Defendants Offshore Specialty, Delta Towing, Horizon Offshore/Horizon Offshore

Contractors, Seacor Holdings/Seacor Marine, Tidewater/Tidewater Marine, J. Ray

McDermott, Inc. and Stolt Offshore (collectively the "Service Defendants"), are some of the

largest transporters of merchandise in the coastwise trade between points in the United States,  and also some of the largest service providers to those prospecting for and developing oil and gas mineral deposits on the Outer Continental Shelf of the United States, including the Gulf of Mexico, in particular the Developer Defendants herein.

4.3     Defendant Offshore Specialty is active in the installation and dismantlement of offshore platforms in the U.S. Gulf of Mexico, offering turnkey project services.  It owns and operates derrick barges, cargo barges, tugs, anchor handling tugs, supply vessels, utility vessels and crew boats, some or all of which transport merchandise in the coastwise trade between points in the United States.

4.4     Defendant Delta Towing operates a large fleet of tugs, crew boats and barges, which it engages in various aspects of the inland and offshore oil and gas industry, including rig moving, anchor handling operations, rig tending and other support services, which involve transporting merchandise in the coastwise trade between points in the United States.

4.5     Defendant Horizon Offshore and Defendant Horizon Offshore Contractors provide marine construction services to the offshore oil and gas industry worldwide, including installation and burial of marine pipelines, and derrick barge operations for installation of new and abandonment of old oil and gas producing facilities, which services involve transporting merchandise in the coastwise trade between points in the United States.

4.6     Defendant Seacor and Defendant Seacor Marine operate one of the world's largest fleets of diversified marine support vessels primarily dedicated to supporting offshore oil and gas development in the United States Gulf of Mexico, which requires transporting merchandise in the coastwise trade between points in the United States.

4.7     Defendant Tidewater and Defendant Tidewater Marine provide offshore exploration, development and production services, including towing and anchor-handling of drilling rigs and equipment, transporting supplies and personnel necessary to sustain drilling, research, workover and production activities, various specialized services including pipe laying, cable laying, pollution and fire control, as well as three-dimensional seismic work, most or all of which involves the transportation of merchandise in the coastwise trade between points in the United States.

4.8     Defendant McDermott is a leading worldwide marine construction company, operating a diversified fleet of vessels for the marine construction industry in the Gulf of Mexico and around the world, and in the course of its operations transports merchandise in the coastwise trade between points in the United States.

4.9     Defendant Stolt Offshore designs, procures, fabricates, installs and maintains complete sub-sea pipeline and risers systems for the global offshore oil and gas industry, and provides offshore engineering, procurement, installation, construction and maintenance services to offshore oil and gas industry.

4.10    Defendants ChevronTexaco and ExxonMobil are two of the largest United States companies devoted to the exploration and exploitation of oil and gas minerals deposited on the Outer Continental Shelf of the United States, including the Gulf of Mexico.

4.11    Given their broad-ranging and labor intensive activities, the Developer Defendants and the Service Defendants are dominant participants in, and the source of demand for nearly the entire, labor market for offshore and other labor related to the offshore exploration and exploitation of oil and gas minerals on the OCS, as well as the transportation of merchandise

in the coastwise trade between points in the United States.

4.12    Defendants O.W.I. Limited, Oceanwide Houston, and Sea Mar (collectively the "Manning

Company Defendants"), are  some of the largest providers of crew recruitment and contract

labor services to the maritime industry, and supply much of the demand for labor created by

the Service and Developer Defendants.

4.13    Defendant O.W.I. Limited is an employment agency specializing in the employment,

secondment, and recruitment of maritime and offshore personnel.      Together with and

through its  local agent, defendant Oceanwide Houston, O.W.I. Limited and Oceanwide

Houston act as central cogs in the wheel of an international network of branch offices

supplying personnel of all nationalities to the Service and Developer Defendants herein, in

particular Stolt Offshore and McDermott.

4.14    Defendant Sea Mar is a vessel operations company involved in, among other things,

procuring labor services to satisfy the labor demand created by the Service and Developer

Defendants.

4.15    Collectively, Defendants participate in an enterprise within the meaning of 18 U.S.C. §

1961(4), here termed the "Oil & Gas Industry Services Enterprise."

### Purposes of the Oil & Gas Industry Services Enterprise

4.16    At all relevant times, the purposes of the Oil & Gas Industry Services Enterprise were (i) engaging in or facilitating, at a profit, the exploration for and exploitation, development and production of, oil and gas minerals located on the Outer Continental Shelf of the United States,  (ii) supplying and using unauthorized workers to supply some portion of labor to reduce Defendants' labor costs and increase Defendants' profits, and (iii) using the practice of hiring unauthorized workers to force and extort Plaintiff to accept poorer working conditions, reduced wages and reduced benefits.

### Structure and Members of the Oil & Gas Industry Services Enterprise

4.17    At all relevant times, Defendants, and each of them, made up the Oil & Gas Industry Services Enterprise, an association-in-fact comprised of entities with a consensual decision–making structure that was used to structure and implement the hiring of unauthorized workers to staff the operations of Defendants, and each of them.  Each Defendant played a role in the Oil & Gas Industry Services Enterprise.

4.18    The Service Defendants conspired with the Developer Defendants by specifically agreeing and contracting services to the Developer Defendants, knowing that such services were being performed by illegal alien workers, all of which were the proximate and producing cause of damage to Plaintiffs.

4.19    The Developer Defendants conspired with the Service Defendants by specifically agreeing and contracting for services of the Service Defendants, knowing that such services were being provided by illegal alien workers, all of which were the proximate and producing cause of damage to Plaintiffs.

4.20    Both the Service and the Developer Defendants conspired to and actually did specifically agree to and contract for services of the Manning Company Defendants, knowing workers provided by the Manning Company Defendants were illegal alien workers, all of which were the proximate and producing cause of damage to Plaintiffs.

4.21    The Manning Company Defendants knowingly agreed and contracted with the Service Defendants and Developer Defendants to provide workers, knowing such workers were illegal aliens, all of which was the proximate and producing cause of damage to Plaintiffs.

### Distinction between the Oil & Gas Industry Services Enterprise and the Pattern of Unlawful Activity

4.22    The Oil & Gas Industry Services Enterprise is separate and apart from the pattern of unlawful activity under 18 U.S.C. § 1961, et seq., engaged in as plead herein.  For example, the Oil & Gas Industry Services Enterprise is also engaged in the legitimate business of exploring for, exploiting, developing and producing offshore oil and gas minerals, or supplying offshore marine construction, transportation and employment services to others looking to explore for, exploit, develop or produce offshore oil and gas minerals, all of which involves transportation of merchandise in the coastwise trade between points in the United States.

### Continuity of Oil & Gas Industry Services Enterprise

4.23    The Oil & Gas Industry Services Enterprise was created during the past three years, the exact date being unknown at this time, when Defendants, and each of them, first engaged in providing and hiring unauthorized workers.

### Culpability of the Oil & Gas Industry Services Enterprise

4.24    Some members of the Oil & Gas Industry Services Enterprise (i.e., the Developer, Service and Manning Company Defendants) acted with culpability throughout its existence.  Other

members of the Oil & Gas Industry Services Enterprise (i.e., Plaintiff and those similarly situated) were unwitting instruments of the culpable members of the Oil & Gas Industry Services Enterprise.  The identities of other culpable Oil & Gas Industry Services Enterprise members may be learned through the discovery process.

V.

## THE PATTERN OF UNLAWFUL ACTIVITY UNDER 18 U.S.C. § 1961: VIOLATIONS OF THE IMMIGRATION AND NATIONALITY ACT AND EXTORTION

5.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

5.2    Labor is one of the largest costs Defendants incur in the operation of their businesses.

5.3    To reduce their labor costs, Defendants, and each of them, as part of their regular participation within the enterprise, alone and in concert with each and every of the other Defendants, conspired to and did intentionally hire or employ workers through the Manning Company Defendants, with all Defendants knowing those workers to be unauthorized to work in the United States, or hired or employed workers supplied by the Manning Company Defendants with reckless disregard of whether those workers are authorized to be or work in the United States.

5.4    By hiring or supplying these workers with knowledge of their unauthorized status or in conscious disregard of it, Defendants, and each of them, employ these workers at a lower cost, by paying these workers a low wage and providing to these workers and their families little or no benefits, compared to higher wages and greater benefits Defendants would otherwise be pressured by market conditions to pay workers hired who are authorized to work in the United States.

5.5    By paying its unauthorized workers less than authorized workers, Defendants, and each of

them, extort Plaintiff (and those similarly situated) to accept the depressed wages and

reduced benefits Defendants, and each of them, pay to its workers, under pressure and fear

of being replaced by an unauthorized worker.

5.6     Defendants, and each of them, alone and in concert, have in the past and continue to violate

United States immigration laws in procuring unauthorized workers, to-wit: the Immigration

and Nationality Act, section 274 (a predicate act pursuant to 18 U.S.C. § 1961(1)(F)),

specifically:

5.6.1      8 U.S.C. § 1324(a)(1)(A)(I) (bringing or attempting to bring authorized aliens

into United States at unauthorized entry points);

5.6.2      8 U.S.C. § 1324(a)(1)(A)(ii) (knowingly move unauthorized aliens around the

United States);

5.6.3      8 U.S.C. § 1324(a)(1)(A)(iii) (knowingly harboring or concealing

unauthorized aliens);

5.6.4      8 U.S.C. § 1324(a)(1)(A)(iv) (encouraging or inducing aliens to enter United

States illegally);

5.6.5      8 U.S.C. § 1324(a)(1)(A)(v)(I) (conspiring to commit above acts 1. through

4.);

5.6.6      8 U.S.C. § 1324(a)(1)(A)(v)(II) (aiding or abetting commission of acts 1.

through 4.);

5.6.7      8 U.S.C. § 1324(a)(2) (bringing or attempting to bring illegals into United

States);

5.6.8      8 U.S.C. § 1324(a)(3) (hiring more than 10 workers during any 12-month

period who are illegal or otherwise brought into United States in violation of

8 U.S.C. § 1324).

5.7     Defendants, and each of them, alone and in concert, have in the past and continue to violate

United States law against interfering with commerce by extortion as set forth in 18 U.S.C.

§ 1951(a) (a predicate act pursuant to 18 U.S.C. § 1961(1)(C)), by forcing Plaintiff (and

those similarly situated) to accept lower wages, reduced benefits, and poor working

conditions by fear of being replaced by an unauthorized worker.

VI.
### FIRST CAUSE OF ACTION
(Negligence)
(Against all Defendants)

6.1     Defendants' were negligent in their hiring practices, resulting in unsafe work conditions and

real or potential bodily injury to the Plaintiff, which negligence is the proximate cause of

Plaintiff's personal and bodily injuries, depressed wages and unsafe working conditions.

VII.
### SECOND CAUSE OF ACTION
(Violation of 18 U.S.C. § 1962(c))
(Against all Defendants)

7.1     Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

7.2     Plaintiff is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

7.3     Defendants are "persons" within the meaning of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

7.4     Defendants conducted their businesses and financial affairs with Plaintiff (and those similarly

situated) through a pattern of unlawful activity within the meaning of 18 U.S.C. §§

1961(1)(F), and 1961(1)(B), specifically, by multiple, repeated and continuous immigration

violations by hiring unauthorized workers, in violation of 18 U.S.C. § 1324, and by taking

property through extortion, as prohibited by 18 U.S.C. § 1951(a).

7.5    The Defendants' pattern of unlawful activity and corresponding violations of 18 U.S.C. § 1962(c) proximately and/or directly caused Plaintiffs' to suffer injury to their business or property within the meaning of 18 U.S.C. § 1964(c), specifically, Plaintiffs were damaged by receiving depressed wages, no or reduced benefits (by which Defendants have been unjustly enriched through receipt of Plaintiffs' labor without paying full or market value), and by being extorted to accept depressed wages and no or reduced benefits, for fear of being replaced by unauthorized workers, all of which caused Plaintiffs' consequential damages. The damages suffered by Plaintiffs were reasonably foreseeable by the Defendants and/or anticipated as a substantial factor and a natural consequence of their pattern of unlawful activity.

## VIII.
### THIRD CAUSE OF ACTION
(Violation of 18 U.S.C. § 1962(d) by conspiracy to violate 18 U.S.C. § 1962(c))
(Against all Defendants)

8.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

8.2    Plaintiff is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

8.3    Defendants are "persons" within the meaning of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

8.4    The Defendants conspired with other persons and entities (and each other), within the meaning of 18 U.S.C. § 1962(d), to violate 18 U.S.C. § 1962(c), i.e., the Defendants conspired to conduct their business and financial affairs with Plaintiff (and those similarly situated) through a pattern of unlawful activity within the meaning of 18 U.S.C. §§ 1961(1)(F), 1961(5), and 1962(c), specifically, by multiple, repeated and continuous immigration violations by hiring unauthorized workers, in violation of 18 U.S.C. § 1324, and

by taking property through extortion, as prohibited by 18 U.S.C. § 1951(a).

8.5   The Defendants' pattern of unlawful activity and corresponding violations of 18 U.S.C. §
1962(c) proximately and/or directly caused Plaintiffs to suffer injury to their business or
property within the meaning of 18 U.S.C. § 1964(c), specifically, Plaintiffs were damaged
by receiving depressed wages, no or reduced benefits (by which Defendants have been
unjustly enriched through receipt of Plaintiffs' labor without paying full or market value),
and by being extorted to accept depressed wages and no or reduced benefits, for fear of being
replaced by an unauthorized worker, all of which caused Plaintiffs' consequential damages.
The damages suffered by Plaintiffs were reasonably foreseeable by the Defendants and/or
anticipated as a substantial factor and a natural consequence of their pattern of unlawful
activity.

## IX.
### FOURTH CAUSE OF ACTION
(Violation of 18 U.S.C. § 1962(d) by conspiracy to violate 18 U.S.C. § 1962(a))
(Against all Defendants)

9.1   Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

9.2   Plaintiff is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

9.3   Defendants are "persons" within the meaning of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

9.4   The Defendants conspired among themselves within the meaning of 18 U.S.C. § 1962(d) to
violate 18 U.S.C. § 1962(a), i.e., the Defendants conspired among themselves to receive
income derived, directly or indirectly, from a pattern of unlawful activity in which all
Defendants participated as principals within the meaning of 18 U.S.C. §§ 1961(1)(F),
1961(5) and 1962(a), specifically, multiple, repeated and continuous acts of immigration
violations by hiring unauthorized workers, in violation of 18 U.S.C. § 1324, and by taking

property through extortion, as prohibited by 18 U.S.C. § 1951(a), by using or investing, directly or indirectly, such income, or the proceeds of such income, in the operation of the Oil & Gas Services Industry Enterprise.

9.5     The Defendants' pattern of unlawful activity and corresponding violations of 18 U.S.C. § 1962(d) proximately and/or directly caused Plaintiff (and those similarly situated) to suffer injury to their business or property within the meaning of 18 U.S.C. § 1964(c), specifically Plaintiffs were damaged by receiving a depressed wage, no or reduced benefits (by which Defendants have been unjustly enriched through receipt of Plaintiffs' labor without paying full or market value), and by being extorted to accept depressed wages and no or reduced benefits, for fear of being replaced by unauthorized workers, which caused Plaintiffs' consequential damages. The damages suffered by Plaintiffs were reasonably foreseeable by the Defendants and/or anticipated as a substantial factor and a natural consequence of their pattern of unlawful activity.

## X.
## FIFTH CAUSE OF ACTION
(Violation of Sherman Act, §§ 1 and 2; Violation of Clayton Act, § 1)
(Against All Defendants)

10.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

10.2    The Service and Development Defendants dominate the demand for and, through the Manning Company Defendants, to great degree control the supply of, workers qualified to provide offshore and other labor to the maritime and oil and gas industries, to allow the exploration, exploitation, development and production of oil and gas minerals located on the Outer Continental Shelf of the United States, and to engage in transporting merchandise in the coastwise trade between points in the United States.

10.3   Defendants have conspired to control employment terms in the offshore labor market by using unauthorized workers to man vessels, rigs, platforms and other vehicles and structures used in offshore activities, thus impairing the ability of Plaintiff (and those similarly situated) to sell their labor services at full market value, to receive benefits, and to enjoy good working conditions.

10.4   Defendants specifically intended their behavior to allow them to pay less for labor services.

10.5   Plaintiff is and was (and those similarly situated are and were) the target of Defendants' improper conduct.

10.6   Because of Defendants' conduct, Plaintiff has (and those similarly situated have) been prevented from selling labor services to the highest bidder in the market place.

10.7   Defendants' conduct has suppressed the wages and benefits, and eroded the working conditions, that Plaintiff (and those similarly situated) should have been able to command and enjoy.

10.8   The injuries suffered by Plaintiff (and those similarly situated) are exactly the type intended to be redressed by antitrust laws.

10.9   Plaintiff is (and those similarly situated are ) in the best position to enforce the antitrust laws.

10.10  Plaintiff has (and those similarly situated have) suffered significant damage as a direct and proximate result of Defendants' wrongful and illegal conduct, specifically by receiving a reduced wage and reduced benefits for their service with Defendants.

10.11  Plaintiff has (and others similarly situated have) been injured in their business or property

by reason of Defendants' violations of the antitrust laws.

10.12   Plaintiff is (and those similarly situated are) entitled to relief as plead herein.

XI.
SIXTH CAUSE OF ACTION
(Violation of Outer Continental Shelf Lands Act, § 1356)
(Against All Defendants)

11.1   Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

11.2   United States Code Title 43, Chapter 29, Subchapter III, Section 1356, and regulations

promulgated thereunder, codified at the Code of Federal Regulations, Title 33, Chapter I,

Subchapter N, Part 141, Subpart A, require, at all times relevant to this action, and unless

otherwise excepted, any vessel, rig, platform, or other vehicle or structure which is used

for OCS activities, be manned or crewed by citizens of the United States and no more

than twenty-five percent (25% ) aliens lawfully admitted to the United States for

permanent residence.

11.3   Defendants, and each of them, have at all times in the past relevant to this action, and

currently, violate 43 U.S.C. § 1356, and the regulations promulgated thereunder, by

intentionally or negligently manning or crewing vessels, rigs, platforms, or other vehicles

or structures, with crew compliments not authorized by law, either without obtaining the

requisite waivers, or after once-valid waivers have expired, or on such vessels, rigs,

platforms, or other vehicles or structures that do not qualify for the foreign ownership or

foreign control exceptions.

11.4   Plaintiff has (and those similarly situated have) in the past been injured, are currently

being injured, and in the future will be injured, by the past, present, and future violations

of the OCSLA and implementing regulations, which violations have acted to depress

wages, reduce benefits, and degrade working conditions, and which have caused and

forced Plaintiff (and those similarly situated) to accept lower wages, reduced benefits, and

poor working conditions by fear of being replaced by an unauthorized worker, all of

which has caused actual damage to Plaintiff (and those similarly situated), and for which

Plaintiff prays (and those similarly situated pray) for relief as plead herein.

## XII.
## CLASS ACTION ALLEGATIONS

12.1    As a separate count, Plaintiff requests that this case proceed as a class action pursuant to Rule

23 of the Federal Rules of Civil Procedure, on behalf of all similarly situated persons who

are now or in the past have been employed by Defendants, and have been paid depressed

wages and who have received reduced or no benefits, as a result of Defendants' pattern and

practice of immigration violations and extortion as alleged above.  Plaintiff would show that:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are

questions of law or fact common to the class; (3) the claims of the Plaintiff are typical of the

claims of the class; and (4) Plaintiff will fairly and adequately protect the interests of the

class; therefore, this action may be maintained as a class action since the prerequisites of

Rule 23 can be met.

XIII.
REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS

13.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

13.2    Plaintiff requests the court exercise the jurisdiction granted it under 18 U.S.C. § 1964(a) and

43 U.S.C. § 1349(a)(5), and issue appropriate orders preliminarily and permanently

restraining Defendants from further violating 18 U.S.C. § 1962 and 43 U.S.C. § 1349, and

regulations promulgated pursuant to United States Code Title 43, Chapter 29, Subchapter III,

including, but not limited to, the imposition of reasonable restrictions on Defendants

prohibiting Defendants from engaging in the same type of endeavor as the Oil & Gas

Industry Services enterprise engaged in affecting interstate commerce, in particular a

prohibition against any future violations of United States immigration laws prohibiting

procurement of unauthorized workers in contravention of the Immigration and Nationality

Act, section 274 (a predicate act pursuant to 18 U.S.C. § 1961(1)(F), and thus prohibited acts

pursuant to 18 U.S.C. § 1962), and against any future violations of the Outer Continental

Shelf Act manning requirements, and regulations promulgated thereunder.

XIV.
RELIEF REQUESTED

14.1    Plaintiff re-alleges all foregoing paragraphs as though fully again set forth.

14.2    As and for relief pursuant to 18 U.S.C. § 1961, et seq.:

14.2.1          As a direct and proximate result of the Defendants' wrongful conduct,

Plaintiff (and those similarly situated), at the very least, were damaged by (i)

the difference between the depressed wage paid Plaintiffs and the actual

wages Plaintiffs would have received had Defendants not depressed

Plaintiffs' wage through their pattern and practice of immigration violations in staffing positions like those held by Plaintiff (and those similarly situated), (ii), the difference between the value of benefits received by Plaintiff (and those similarly situated) and the actual benefits Plaintiffs would have received had Defendants not engaged in their pattern and practice of hiring unauthorized workers, (iii), consequential damages resulting from being extorted into accepting depressed wages and reduced or no benefits.  The Plaintiff (and those similarly situated) are entitled to recover such amounts;

14.2.2 All the damages sustained by the Plaintiff (and those similarly situated) were reasonably foreseeable by the Defendants and exceed the minimum jurisdictional limits of this Court;

14.2.3 Plaintiff (and those similarly situated) are entitled to threefold damages pursuant to 18 U.S.C. § 1964(c);

14.2.4 Plaintiff (and those similarly situated) are also entitled to recover their reasonable and necessary attorney's fees, litigation expenses and court costs in prosecuting this action, pursuant to 18 U.S.C. § 1964(c).

14.3 As and for relief pursuant to 15 U.S.C. § 15:

14.3.1 Plaintiff (and those similarly situated) are entitled to threefold damages pursuant to 15 U.S.C. § 15(a);

14.3.2 Plaintiff (and those similarly situated) are also entitled to recover their reasonable and necessary attorney's fees and costs of suit, pursuant to 15 U.S.C. § 15(a).

14.4    As and for relief pursuant to 43 U.S.C. § 1349:

> 14.4.1        Plaintiff (and those similarly situated) are entitled to damages, pursuant to 43
>
> U.S.C. § 1349(b)(2);
>
> 14.4.2        Plaintiff (and those similarly situated) are entitled to reasonable attorney's
>
> fees and expert witness fees, pursuant to 43 U.S.C. § 1349(b)(2).

WHEREFORE, Plaintiff requests (i) Defendants, and each of them, be cited to appear and answer this lawsuit, and (ii) upon final trial or hearing, judgment be awarded against the Defendants, and each of them, jointly and severally, for:

> A.      Actual or threefold the actual damages sustained by Plaintiff along with costs of suit,
>
> attorney's fees, and litigation expenses, all pursuant to 18 U.S.C. § 1964, 15 U.S.C.
>
> § 15, and 43 U.S.C. § 1349, together with pre- and post-judgment interest at the
>
> highest legal rate;
>
> B.      Equitable relief, as may be appropriate, pursuant to 18 U.S.C. § 1964(a), including
>
> an equitable accounting for all benefits, consideration and profits received, directly
>
> or indirectly, including the imposition of a constructive trust, the voiding of all
>
> unlawful transfers, and the disgorgement of all ill-gotten gains and profits;
>
> alternatively, Plaintiff pleads for punitive or exemplary damages;
>
> C.      For preliminary and permanent injunctions enjoining all Defendants from any further
>
> racketeering activity, pursuant to 18 U.S.C. § 1964(a) and from further violations of
>
> OCSLA manning requirements, pursuant to 43 U.S.C. § 1349;
>
> D.      Plaintiff further prays that this matter be certified as a class action on behalf of all
>
> similarly situated persons who have been paid depressed wages and who have

received reduced or no benefits, as a result of Defendants' pattern and practice of immigration violations, extortion, and manning requirement violations as alleged above, and that each member of the class be awarded: actual and threefold damages, costs of suit, attorney's fees, and litigation expenses, all pursuant to 18 U.S.C. § 1964, 15 U.S.C. § 15, and 43 U.S.C. § 1349, together with pre- and post-judgment interest at the highest legal rate allowed by law until judgment is paid in full;

E.      All other relief to which Plaintiff and Plaintiff class may be entitled.

<u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all claims and causes of action.

Respectfully submitted,

Francis I. Spagnoletti
Attorney-in-Charge
State Bar No. 18869600
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:      713-653-5656
Email:          fspagnoletti@spaglaw.com

<u>OF COUNSEL</u>:

SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:      713-653-5656